IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PATRICIA BEVINS**, <br> *Plaintiff,* <br><br> v. <br><br> **COLGATE-PALMOLIVE CO. and BJ'S WHOLESALE CLUB, INC.,** <br> *Defendants.* | **CIVIL ACTION** <br> **NO. 25-576** |

**Baylson, J.**                                                                                                                                **April 10, 2025**

### MEMORANDUM RE: MOTION TO DISMISS AND SANCTIONS

Plaintiff Patricia Bevins ("Bevins") alleges she used Fabuloso cleaning products containing undisclosed *Pseudomonas aeruginosa* bacteria, which caused injuries to her nervous system, immune system, and skin. She asserts claims for violation of the Pennsylvania Unfair Trade Practices, negligence, breach of warranty, and products liability. Compl. ¶¶ 60–115, ECF 1-3. Defendant Colgate-Palmolive Co. ("Colgate-Palmolive"), the alleged manufacturer of the Fabuloso products, and Defendant BJ's Wholesale Club, Inc. ("BJ's"), the alleged seller of the Fabuloso products, moved to dismiss. For the reasons below, Defendants' Motions to Dismiss are **GRANTED** and Bevin's counsel is **SANCTIONED**.

### I.      FACTUAL ALLEGATIONS[1]

Colgate-Palmolive manufactures cleaning products, including Fabuloso, and sells them to stores, which then sell them to consumers. Compl. ¶ 25, ECF 1-3. On February 8, 2023, Colgate-Palmolive recalled certain Fabuloso products manufactured between December 14, 2022, and January 23, 2023, which may have contained *Pseudomonas aeruginosa*. Id. ¶¶ 8, 12.[2]

---

[1] For purposes of this Motion, the Court accepts as true all factual allegations in the Complaint. Doe v. Univ. of Scis., 961 F.3d 203, 208 (3d Cir. 2020).

[2] See February 8, 2023 Voluntary Recall of Select Fabuloso Products Made in the United States, https://www.fabuloso.com/recall/ (last accessed March 18, 2025). The Court properly

In January 2023, before the recall, Bevins allegedly used Fabuloso products purchased by her employer from BJ's.[3] Id. ¶ 6. These Fabuloso products allegedly contained *Pseudomonas aeruginosa* bacteria. Id. ¶ 15. Bevins alleges that she subsequently suffered serious injuries to her nervous system, immune system, skin, and hands and fingers, resulting in disfigurement, humiliation, pain, distress, and medical expenses. Id. ¶¶ 43, 55–56.

## II. PROCEDURAL HISTORY

On December 31, 2024, Bevins filed a Complaint in the Philadelphia County Court of Common Pleas for violation of the Pennsylvania Unfair Trade Practices Act (Count I), negligence (Count II), breach of contract and warranties (Count III), and products liability (Count IV). Id. ¶¶ 60–115. On February 3, 2025, Colgate-Palmolive removed the case to this Court based on diversity jurisdiction. ECF 1. On March 3, 2025, BJ's and Colgate-Palmolive moved to dismiss the Complaint. BJ's Mot., ECF 9-1; Colgate-Palmolive Mot., ECF 11. On March 17, 2025, Bevins opposed dismissal. ECF 20, 21. On March 24, 2025, BJ's and Colgate-Palmolive filed reply briefs. ECF 24, 25.

## III. STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule 12(b)(6), a plaintiff must include sufficient facts in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint is insufficient if it suggests only the "mere possibility of misconduct" or is a "[t]hreadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements," Ashcroft v. Iqbal, 556 U.S. 662,

---

considers the recall website because Bevins relies on it in the Complaint. Mueller v. Sunbeam Prods., Inc., 535 F. Supp. 3d 351, 354 (E.D. Pa. 2021) (Brody, J.).

[3] Bevins does not plead *when* her employer purchased the Fabuloso products. This issue is discussed further below.

678–79 (2009) (citing Twombly, 550 U.S. at 555), and so it will not suffice if it is "devoid of further factual enhancement," id. at 678 (citation omitted). Thus, in considering a motion to dismiss, the Court accepts all factual allegations as true and views them in a light most favorable to the plaintiff, Doe v. Univ. of Scis., 961 F.3d 203, 208 (3d Cir. 2020), but may not "assume that [the plaintiff] can prove facts that it has not alleged[,]" Twombly, 550 U.S. at 563 n.8 (quoting Associated Gen. Contractors of Cal., Inc. v. Carpenters, 459 U.S. 519, 526 (1983)).

## IV. DISCUSSION

### A. Bevins Has No Private Right of Action Under The UTPCPL

Count I alleges violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). Defendants argue Count I fails because Bevins did not purchase the Fabuloso products herself, and in any case, the products were purchased for commercial use. Colgate-Palmolive Mot. at 9, ECF 11; BJ's Mot. at 5–6, ECF 9-1. The Court agrees.

The UTPCPL limits private causes of action to purchasers or lessees of goods or services. Commonw. by Creamer v. Monumental Props., Inc., 329 A.2d 812, 816 (Pa. 1974); Balderston v. Medtronic Sofamor Danek, Inc., 152 F. Supp. 2d 772, 776 (E.D. Pa. 2001) (Surrick, J.), aff'd, 285 F.3d 238 (3d Cir. 2002). Bevins alleges she did not purchase the Fabuloso products. Compl., ¶ 71, ECF 1-3. This defeats Count I. See, e.g., Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (noting that the UTPCPL "unambiguously permits only persons who have purchased or leased goods or services to sue").

Nor does Bevins plausibly plead that she is in privity with the purchaser such that she has a UTPCPL cause of action. See Opp. to BJ's Mot. at 4, ECF 21. While strict privity is not always necessary, Valley Forge Towers S. Condo. v. Ron–Ike Foam Insulators, Inc., 574 A.2d 641 (Pa. Super. Ct. 1990), aff'd without opinion, 605 A.2d 798 (Pa. 1992) (per curiam), "a plaintiff lacking any commercial dealings with the defendant" lacks a private cause of action under the UTPCPL,

3

Katz, 972 F.2d at 57. Bevins had no commercial dealings with Defendants and thus has no cause of action through privity. Id.

Further, a purchase is actionable under the UTPCPL only if it was primarily for personal, family, or household purposes. See Balderston, 152 F. Supp. 2d at 779; 73 Pa. Stat. Ann. § 201-9.2(a). The Fabuloso products were purchased for a commercial use, not personal, family, or household use. Compl. ¶ 55, ECF 1-3 (pleading that the products were used in connection with a job); see Balderston, 152 F. Supp. 2d at 779. That Fabuloso is a household cleaning product does not negate the purchase's commercial purpose; what matters is "the *purpose* of the purchase, not the *type* of product purchased." My Space Preschool & Nursery, Inc. v. Capitol Indem. Corp., 2015 WL 1185959, at *5 (E.D. Pa. Mar. 13, 2015) (Surrick, J.) (emphasis added). This too forecloses Bevins' UTPCPL cause of action. Balderston, 152 F. Supp. 2d at 779.

Accordingly, Count I is **DISMISSED without prejudice.**

### B.  Bevins' Breach of Contract[4] and Warranty Claims Fail

Count III alleges that Colgate-Palmolive provided Bevins with an express warranty through written affirmations that the Fabuloso products were safe for use and a failure to disclose the presence of *Pseudomonas aeruginosa*. Compl. ¶¶ 93, 94, 98, 101, ECF 1-3 (referring to express warranty).[5] Count III fails because Bevins (1) did not purchase the Fabuloso products and (2) does not identify an affirmative statement constituting an express warranty.

---

[4] Because Bevins does not allege the existence of a contract, the Court's analysis of Count III focuses only on warranties. Further, because Bevins alleged no facts which state a claim for breach of implied warranty and only uses the term "express warranty," the Court's analysis of Count III focuses specifically on express warranties.

[5] The Complaint includes one reference to "Class Members." Compl. ¶ 101, ECF 1-3. To the Court's knowledge, this Complaint is brought by Bevins only as an individual and does not plead a putative class.

To create an express warranty, "the seller must expressly communicate the terms of the warranty to the buyer in such a manner that the buyer understands those terms and accepts them." McGrain v. C.R. Bard, Inc., 551 F. Supp. 3d 529, 543 (E.D. Pa. 2021) (Alejandro, J.) (citing Eiser v. Brown & Williamson Tobacco Corp., 2006 WL 933394, at *5 (Pa. Super. Ct. Jan. 19, 2006)). Because Bevins was not a buyer, Compl., ¶ 71, ECF 1-3, she cannot claim breach of an express warranty, McDonnell v. Flowonix Med. Inc., 2022 WL 221612, at *6 (E.D. Pa. Jan. 25, 2022) (Tucker, J.) (dismissing express warranty claim where plaintiff did not allege he was purchaser).

Nor can Bevins bring an express warranty claim as a third-party beneficiary based on the facts alleged. See Opp. to Colgate-Palmolive Mot. at 10, ECF 20. While third parties may bring express warranty claims in limited circumstances, no such circumstances are present here. See Goodman v. PPG Indus., Inc, 849 A.2d 1239, 1246 (Pa. Super. Ct. 2004), aff'd, 885 A.2d 982 (Pa. 2005) (noting that third parties may enforce express warranties if (1) issuing party intended to extend warranty to third party and (2) third party is aware of the warranty terms and identity of issuing party). Bevins pleads no facts which plausibly establish that either Defendant intended to extend a warranty to her or that she was aware of the warranty and Defendants' identities.

Bevins further fails to identify a specific affirmative statement which constitutes a warranty. Bevins merely alleges a generic promise of safety, Compl. ¶ 93, ECF 1-3, without specifying the source, content, or recipient of the purported warranty, see Drumheller v. Johnson & Johnson, 2021 WL 1853407, at *15 (E.D. Pa. May 10, 2021) (Kearney, J.) (dismissing warranty claim where plaintiff claimed advertisements included language about being "safe and effective" but did not plead specific warranties and materials containing them); ke v. Am. Home Prods. Corp., 1998 WL 1781624, at *6 (Pa. Ct. Com. Pl. Nov. 18, 1998) (dismissing warranty claim where plaintiff failed to allege "what the warranty allegedly covered, when it was made[,] and to whom

5

it was directed"). Bevins' allegations lack the meaningful detail required to plausibly plead an express warranty claim. See McDonnell, 2022 WL 221612, at *6 (citing Luke, 1998 WL 1781624, at *6). Further, that the packaging omitted *Pseudomonas aeruginosa* from the ingredients list, Opp. to Colgate-Palmolive Mot. at 12, ECF 20, is insufficient to establish an express warranty claim.[6] In sum, Bevins' express warranty claim fails because pleading such a claim requires more than a broad assurance of safety. See Fike v. Glob. Pharma. Healthcare Priv., Ltd., 741 F. Supp. 3d 265, 277 (E.D. Pa. 2024) (Leeson, J.).

Accordingly, Count III is **DISMISSED without prejudice**.

### C. Bevins' Negligence Claim Fails

Count II alleges negligence, asserting that Colgate-Palmolive was negligent in the design and manufacturing of the Fabuloso products and that BJ's knew or should have known that the Fabuloso products would likely contain *Pseudomonas aeruginosa*. Compl. ¶¶ 67, 69, 71, ECF 1-3. Count II also alleges that Defendants failed to use reasonable care prior to placing the Fabuloso products into the stream of commerce. Id. ¶ 72.

Under Pennsylvania law, a plaintiff must prove four elements to establish negligence: (1) that the defendant owed a duty of care to the plaintiff; (2) that the defendant breached that duty; (3) that the breach resulted in injury to the plaintiff; and (4) that the plaintiff suffered an actual loss or damage. Martin v. Evans, 711 A.2d 458, 461 (Pa. 1998). Bevins fails to state a claim for negligence against each Defendant at the first step: she does not plausibly plead that BJ's and Colgate-Palmolive owed her a duty of care.

---

[6] Bevins supports this assertion by citing to "Burton v. Danek, No. 95-5560, 1997 WL 436713, at *8 (E.D. Pa. July 31, 1997)." This citation, which is discredited, is discussed further below.

6

Bevins does not plausibly plead that BJ's owed her a duty of care—nor could BJ's owe such a duty in this context. Pennsylvania law imposes no duty on distributors to inspect for latent or hidden defects. See, e.g., Kratz v. Am. Stores Co., 59 A.3d 138, 140 (Pa. 1948) (noting no duty on distributors "to test the contents of each" product and that any other rule would "be wholly impractical"). BJ's is merely the distributor of the Fabuloso products, and Bevins does not plausibly plead otherwise.[7] BJ's Mot. at 6–7, ECF 9-1; BJ's Reply at 6–7, ECF 25. BJ's owed no duty of care to Bevins, and thus cannot be liable under a theory of negligence

Bevins also fails to plead that Colgate-Palmolive owed her a duty. Bevins alleges that Colgate-Palmolive had a duty to provide consumers and other foreseeable users of Fabuloso products with accurate information about the products. Compl. ¶ 41, ECF 1-3. However, this conclusory statement—the only mention of a duty in the entire Complaint—is simply a recital of an element of negligence and does satisfy the Twombly and Iqbal pleading requirements. See Neurosurgical Care, LLC v. Doc Sols. LLC, 2022 WL 2974716, at *8 (E.D. Pa. July 26, 2022) (Younge, J.) (noting, where plaintiff alleged general duty to provide accurate information, that pleadings did "not provide even a cursory explanation regarding [d]efendants' duty . . . [but] simply states as much in a conclusory fashion"). Bevins does not plausibly plead that Colgate-Palmolive owed a duty of care or even substantively attempt to make this argument in her Opposition. Opp. to Colgate-Palmolive Mot. at 6, ECF 20.[8]

---

[7] Further, while Bevins argues BJ's knew the Fabuloso products were contaminated and knew about the recall, but continued to sell defective Fabuloso products, id. at 7, this argument is illogical given Bevin's stance that she the Fabuloso products in January 2023—before the recall took place.

[8] Even assuming, *argeuendo*, that Bevins adequately pled the existence of a duty, her negligence claim would fail because she does not plausibly plead causation. Colgate-Palmolive Reply at 7, ECF 24. Causation requires both cause-in-fact and proximate cause. Heeter v. Honeywell Int'l, Inc., 195 F. Supp. 3d 753, 757 (E.D. Pa. 2016) (Robreno, J.), aff'd, 706 F. App'x 63 (3d Cir. 2017) (non-precedential) (citing Reott v. Asia Trend, Inc., 55 A.3d 1088, 1103 (Pa.

Accordingly, Count II is **DISMISSED without prejudice.**

### D. Bevins' Strict Products Liability Claim Fails

Count IV asserts claims for defective design, defective manufacturing, and failure to warn based on a theory of strict liability. Compl. ¶¶ 102–16, ECF 1-3. To succeed under a strict product liability theory under Pennsylvania law, a plaintiff must show that "(1) the product was defective; (2) the defect proximately caused the plaintiff's injury; and (3) the defect existed at the time the product left the defendant's control." Pavlik v. Lane Ltd./Tobacco Exporters, Int'l, 135 F.3d 876, 881 (3d Cir. 1998)).

Bevins alleges that "the cleaning products she used did contain *Pseudomonas aeruginosa*" and that "she suffered [] injuries after the use of a Fabuloso product in January of 2023."[1] Compl. ¶¶ 5, 15, ECF 1-3. Bevins does not allege how soon after the use she began experiencing symptoms or—perhaps most notably—when her employer purchased the Fabuloso products.[9] These issues are vital to the causation element of Bevins' products liability claim. The "touchstone for pleading sufficiency" is plausibility, not possibility. Santiago v. Warminster Twp., 629 F.3d 121, 133 (3d Cir. 2010). Allegations that are "merely consistent with a defendant's liability"—such as Bevins' barebones allegations that the products she used contained *Pseudomonas aeruginosa* and that she

---

2012)). Pennsylvania courts use the "substantial factor" test to ascertain proximate cause. Id. (citing Whitner v. Von Hintz, 263 A.2d 889, 893–94 (Pa. 1970)). This memorandum discusses the issues of causation further below. See Whyte v. Stanley Black & Decker, Inc., 514 F. Supp. 3d 684, 703 (W.D. Pa. 2021) (noting that "the issue of causation is common to both a strict-liability claim and a negligence claim").

[9] Bevins, in her opposition briefing, attaches Ex. A, referred to in the Complaint but erroneously not attached to it. Ex. A, ECF 21-2. The pictures in Ex. A show two receipts—one dated December 19, 2022, and another dated January 27, 2023.[9] Id. However, Bevins does not plead when the bottles of Fabuloso she used were purchased based on these receipts. While both dates are within the recall period, Bevins does not plead with specificity when the Fabuloso products were purchased, particularly since one cannot tell from Ex. A which receipt contains the purchases of these products. Id.

experienced injuries in weeks after using the products—are not enough to state a claim for products liability. Iqbal, 556 U.S. at 679. While Bevins' allegations must be accepted as true and viewed in a light most favorable to her, Doe, 961 F.3d at 208, her sparse allegations do not plead "a right to relief above the speculative level," Twombly, 550 U.S. at 555.

As discussed further below, Count IV is **DISMISSED without prejudice**.

### i. Bevins Fails To State A Claim For Defective Design Or Manufacturing

To establish strict liability for defective design, a plaintiff must plead the elements of strict liability and can prove a defective condition by showing either that (1) the danger is unknowable and unacceptable to the average or ordinary consumer or (2) a reasonable person would conclude that the probability and seriousness of harm caused by the product outweigh the burden or costs of taking precautions. Tincher v. Omega Flex, Inc., 104 A.3d 328, 401 (Pa. 2014). To establish defective manufacturing, a plaintiff must plead the elements of strict liability stated above. See Pavlik, 135 F.3d at 881. This can be established by evidence of "a breakdown in the machine or a component thereof," Riley v. Warren Mfg., Inc., 688 A.2d 221, 224 (Pa. Super. Ct. 1997), or circumstantial evidence through which a plaintiff can rule out abnormal use or secondary causes, Rogers v. Johnson & Johnson Prods., Inc., 565 A.2d 751, 754 (Pa. 1989).

Bevins' conclusory allegations that the Fabuloso products were defectively designed and manufactured and that Colgate-Palmolive "had access to [economically feasible] alternative ingredients," methods for minimizing the risk of contamination, and methods for performing quality assurance measures, but "chose purposely not to do so," fails to state a claim for defective design or manufacturing. Compl. ¶¶ 106–07, ECF 1-3; see Iqbal, 556 U.S. at 678. Bevins does not make any non-conclusory allegations about the manufacturing process for or design of the Fabuloso products. Accordingly, these claims are dismissed. See Zuzel v. SEPTA, 2019 WL 1584598, at *5 (E.D. Pa. Apr. 11, 2019) (Schiller, J.) (dismissing plaintiff's complaint for defective

design because plaintiff's allegation that her rollator broke due to an "insufficient design" was insufficient to state a claim); Zuzel v. SEPTA, 2019 WL 3252936, at *4 (E.D. Pa. July 18, 2019) (Schiller, J.) (dismissing manufacturing defect claim where allegations were conclusory).

### ii. Bevins Fails To State A Claim For Failure To Warn

A product is defective under a failure-to-warn theory when the product was "distributed without sufficient warnings to notify the ultimate user of the dangers inherent in the product." Mackowick v. Westinghouse Elec. Corp., 575 A.2d 100, 102 (Pa. 1990). To establish a claim for failure to warn, a plaintiff must prove that: (1) a warning was either lacking or inadequate, and (2) the user would have avoided the risk had he been advised of it by the seller. Jeter v. Brown & Williamson Tobacco Corp., 113 F. App'x 465, 467–68 (3d Cir. 2004) (non-precedential) (citing Phillips v. A-Best Prods. Co., 665 A.2d 1167, 1171 (Pa. 1995)).

Bevins' Complaint lacks factual specificity regarding allegations that Colgate-Palmolive failed to warn users of a danger inherent in the product. Bevins alleges that the Fabuloso products are defective because the product "fails to contain adequate warnings," and lists details that she believes should have been included as warnings. Compl. ¶ 111, ECF 1-3. However, "without any actual allegations regarding the warnings, labels, and instructions" on the Fabuloso products beyond including a picture of the back of a bottle in her Complaint, Bevins does not state a claim for relief. See Zuzel, 2019 WL 1584598, at *4.

### V. SANCTIONS

#### a. Bevins' Opposition Briefs Filed by Attorney Nicholas L. Palazzo

Bevins is represented by Nicholas L. Palazzo, Esq. of DeFino Law Associates PC. When Attorney Palazzo filed briefs opposing dismissal on behalf of his client, Opp. to Colgate-Palmolive Mot. at 6, ECF 20 & Opp. to BJ's Mot. at 12, ECF 21, the briefs included citations to two purported cases which presented concerns to the Court.

Attorney Palazzo cited "Tinch v. Video Indus. Servs., Inc., No. 1712 EDA 2018, 2019 WL 1396975, at *3 (Pa. Super. Ct. Mar. 27, 2019)." Opp. to Colgate-Palmolive Mot. at 6, ECF 20 & Opp. to BJ's Mot. at 12, ECF 21. The Court's search did not locate this case or identify a plausible typographical error in the citation. The case bearing this caption, Tinch v. Video Indus. Servs., Inc., is a 1997 opinion by the Supreme Court of North Carolina and is irrelevant to this case. The Westlaw citation provided by Attorney Palazzo, "2019 WL 1396975," corresponds to Dolberry v. Jakob, 2019 WL 1396975, at *1 (N.D.N.Y. Mar. 28, 2019). The case number provided by Attorney Palazzo, "1712 EDA 2018," corresponds to an irrelevant criminal appeal.

Attorney Palazzo cited "Burton v. Danek, No. 95-5560, 1997 WL 436713, at *8 (E.D. Pa. July 31, 1997)." Opp. to Colgate-Palmolive Mot. at 12, ECF 20. Again, the Court's search did not locate this case or detect a possible typographical error in the citation. The Westlaw citation provided by Attorney Palazzo, "1997 WL 436713," corresponds to Top Choice Distributors, Inc. v. U.S. Postal Serv., 1997 WL 436713, at *1 (W.D.N.Y. July 22, 1997), aff'd, 138 F.3d 463 (2d Cir. 1998). The case number provided by Attorney Palazzo, "Case No. 95-5560," corresponds to a case entitled Daniels v. Copley Pharma., et al. which was terminated before the date included in Attorney Palazzo's citation.

On March 18, 2025, this Court ordered Attorney Palazzo to show cause as to why he should not be sanctioned based on the inclusion of these cases in his briefs. ECF 22. Attorney Palazzo was ordered to submit an affidavit and annex copies of the judicial opinions cited. Id. On March 21, 2025, Attorney Palazzo filed a memorandum in support of cause but did not submit an affidavit or copies of judicial opinions as ordered. ECF 23.

In his memorandum, Attorney Palazzo asserts that the citation to "Tinch v. Video Indus. Servs., Inc., No. 1712 EDA 2018, 2019 WL 1396975, at *3 (Pa. Super. Ct. Mar. 27, 2019)," Opp.

11

to Colgate-Palmolive Mot. at 6, ECF 20 & Opp. to BJ's Mot. at 12, ECF 21, was unintentional, ECF 23 at 2. Attorney Palazzo states that he intended to cite Ford v. Jeffries, 379 A.2d 111, 114–15 (Pa. 1997) and that he "cannot specify exactly why the final draft did not replace the wrong cite with the proper one," noting only that the issue was the "result and consequence of a tired, rather than fresh eyed, last proof reading of the filing . . . ." ECF 23 at 2–3. Concerningly, Attorney Palazzo is silent as to why the case name, case number, and Westlaw citation in the purported Tinch cite each referred to a different case and together constituted a citation that does not exist. See ECF 22 n.1. Similarly, Attorney Palazzo asserts that the citation to "Burton v. Danek, No. 95-5560, 1997 WL 436713, at *8 (E.D. Pa. July 31, 1997)," Opp. to Colgate-Palmolive Mot. at 12, ECF 20, mistakenly included the wrong Westlaw citation because members of his law firm used different search engines, ECF 23. However, Attorney Palazzo is again silent as to why the case number he cited leads to a case captioned Daniels v. Copley Pharma., et al. and why the date in the purported Burton citation does not match. The Court remains concerned about the questionable case and is unconvinced by counsel's explanations.

    b. **Legal Standard**

Under Fed. R. Civ. P. Rule 11(b)(2), an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions [in a written motion] are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." The Third Circuit has acknowledged that, "[t]o satisfy the affirmative duty imposed by Fed. R. Civ. P. 11, an attorney must inquire into both the facts and the law before filing papers with the court." Napier v. Thirty or More Unidentified Fed. Agents, Emps. or Officers, 855 F.2d 1080, 1091 (3d Cir. 1988). Finding cause for Fed. R. Civ. P. 11 sanctions "requires only

negligence," Wharton v. Superintendent Graterford SCI, 95 F.4th 140, 147 (3d Cir. 2024), and involves an evaluation of reasonableness under the circumstances.  A court may, sua sponte, order an attorney to "show cause why conduct specifically described in the order has not violated Fed. R. Civ. P. 11(b)."  Fed. R. Civ. P. 11(c)(3).  Sanctions may include, among other things, "nonmonetary directives."  Fed. R. Civ. P. 11(c)(4).

   c. **Analysis**

Attorney Palazzo violated Fed. R. Civ. P. 11(b)(2) by submitting briefs to the Court that cited case law that did not support his stated propositions and which, on their face, do not exist.[10] Attorney Palazzo self-admittedly failed to "inquire into both the facts and the law before filing papers with the court." Napier v, 855 F.2d at 1091, and thus failed in his role as the "final auditor for all legal and factual claims contained in [his] motions." Bunce v. Visual Tech. Innovations, Inc., 2025 WL 662398, at *4 (E.D. Pa. Feb. 27, 2025) (Scott, J.).

The Court has carefully considered sanctions against Attorney Palazzo, including researching how other courts have addressed similar misconduct, and orders the following:

(1) First, the Clerk of Court shall serve a copy of this memorandum and its accompanying order on the State Bar of Pennsylvania and the Eastern District of Pennsylvania Bar,

---

[10] Both citations appear to be artificial intelligence ("AI") "hallucinations" made up of parts of actual cases.  However, Attorney Palazzo has not made a statement about any use of AI, even considering this Court's Standing Order on Artificial Intelligence.  See Standing Order Re: Artificial Intelligence ("AI") In Cases Assigned to Judge Baylson, https://www.paed.uscourts.gov/sites/paed/files/documents/procedures/Standing%20Order%20Re%20Artificial%20Intelligence%206.6.pdf.  The Court is not opposed to the use of AI and recognizes that "[w]hen done right, AI can be incredibly beneficial for attorneys and the public." Wadsworth v. Walmart Inc., 2025 WL 608073, at *1 (D. Wyo. Feb. 24, 2025).  However, considering the onset of "hallucinations," in which AI "generates fake sources of information," this Court issued the standing order linked in this footnote asking attorneys to certify that any research done with the assistance of AI is verified.  The sanctions issued against Attorney Palazzo are further motivated by his failure to comply with this Court's standing order.

both of which Attorney Palazzo is a member. See United States v. Hayes, 2025 WL 235531, at *15 (E.D. Cal. Jan. 17, 2025) (ordering service of sanctions order on state bar).

(2) Second, Attorney Palazzo's appearance in this case is hereby **STRICKEN with prejudice** due to his violation of Fed. R. Civ. P. 11(b)(2) and failure to submit an affidavit in accordance with this Court's standing order.

(3) Third, Attorney Palazzo shall inform his client of the sanctions imposed on him and that fact that, should Bevins choose to refile her case, she must find new counsel. See Mata v. Avianca, Inc., 678 F. Supp. 3d 443, 466 (S.D.N.Y. 2023) (requiring sanctioned attorneys to notify their client of the conduct and sanctions).

## VI. CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss are **GRANTED** and Bevins' Counsel is **SANCTIONED**. Bevins' Complaint is **DISMISSED with leave to amend within thirty (30) days.** An appropriate order follows.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 25\25-576 Bevins v Colgate-Palmolive\25-576 Memorandum on Motion to Dismiss and Sanctions.docx